IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alkawaa Mohanad,<br><br>   Petitioner,<br><br>vs.<br><br>Michael B. Mukasey, Attorney General; Michael Chertoff, Secretary of the Department of Homeland Security; Katrina Kane, ICE Field Office Director for the Phoenix Field Office; David Kollus, Warden of Immigration Detention Facility,<br><br>   Respondents. | No. CIV 08-0601-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

    Mohanad Alkawaa filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 27, 2008, alleging that immigration officials are holding him in detention pending his removal to Palestine, but that his removal has not been effected. He argues that he is entitled to immediate release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents contend that Alkawaa has not met his burden of showing that his removal will not be effected in the reasonably foreseeable future. The Court agrees and recommends that his petition be denied.

    Alkawaa entered the United States on January 8, 2004 as a nonimmigrant visitor for pleasure (Doc. #10, Exh B). He administratively applied for asylum on April 22, 2004; on

December 16, 2004, the asylum officer denied his application (*Id.*). On December 16, 2004, the Department of Homeland Security (the Department) issued a Notice to Appear, alleging that after Alkawaa's admission as a nonimmigrant, he remained in the United States longer than permitted without the authorization of the Attorney General (Doc. #10, Exh E) . On April 20, 2006, Alkawaa submitted a second application for asylum and withholding of removal (*Id.*, Exh F). At an August 29, 2007 hearing, the immigration judge found the asylum claim was frivolous and denied his applications for asylum and withholding of removal (*Id.*, Exh G). The immigration judge also denied Alkawaa's request for voluntary departure, and ordered him removed to Israel (*Id.*). Through counsel, Alkawaa waived appeal and requested that he be removed as quickly as possible (*Id.*, Exh H); he has remained in detention.[1]

On October 18, 2007, the Department requested permission from the Israeli Consulate for Alkawaa to re-enter the Palestinian Territories (*Id.*, Exh N, O). Having received no response by December 5, 2007, the Department sent a request to Headquarters, Immigration and Customs Enforcement, Office of Field Operations requesting assistance in obtaining travel documents from Israel (*Id.*, Exh P). On December 7, 2007, the Department received a request from the Consulate concerning the reasons for Alkawaa's deportation, and the details of any criminal record; the Department provided the information to the consulate on December 11, 2007 (*Id.*, Exh Q, R).

On December 24, 2007, Alkawaa sent a letter to David A Kollus, Assistant Field Operations Director, Florence, Arizona, requesting his assistance in obtaining the necessary travel documents (*Id.*, Exh S). On January 8, 2008, Deportation Officer Bryan Gustafson

---

[1] On December 6, 2007, Alkawaa was served with a Notice of Custody Review; in response he provided information concerning possible employment and a place to live (Doc. #10, Exh I, J). The Department sought clarification of this information; on January 29, upon receipt of that information, the Department issued its decision to continue Alkawaa's detention (*Id.*, Exh K, L, M).

1  contacted the Israeli Consulate and requested an update regarding Alkawaa's re-entry permit.
2  He was advised that Alkawaa was still not cleared for his return to the Palestinian Territories
3  (Doc. #18, Exh 1). On January 10, 2008, Kollus informed Alkawaa that they were still
4  waiting for the travel documents from the Israeli Consulate (Doc. #10, Exh T). On January
5  22, 2008, Gustafson again contacted the Israeli Consulate for an update and was again
6  informed that Alkawaa was still not cleared (Doc. #18, Exh 1).

7  On April 9, 2008, the Department received the travel permit from the Israeli Consulate
8  (Doc. #10, Exh U). According to Deportation Officer Kenneth B. Reed, charter flights to
9  Israel are typically scheduled every six months (*Id.*, Exh O). Although there was a charter
10 flight tentatively scheduled for August, 2008, Alkawaa is now scheduled to depart the United
11 States on October 7, 2008 (Doc. #18, Exh 1).

12 The Department is authorized to detain Alkawaa for a period reasonably necessary to
13 accomplish his removal. *Zadvydas*, 533 U.S. at 689. The Court in *Zadvydas* set six months
14 as a presumptively reasonable period of time to allow the Department to effectuate an alien's
15 removal. Following this period, once the alien provides good reason to believe that there is
16 no significant likelihood of removal in the reasonably foreseeable future, the Department
17 must rebut this showing. *Id*.

18 Respondents contend that Alkawaa has not met his burden of showing that his
19 removal will not be effected in the reasonably foreseeable future. The Court acknowledges
20 that the six-month presumptively reasonable period expired several months ago. However,
21 the record reflects the continued efforts by both Alkawaa and the Department in attempts
22 to obtain the travel documents, the eventual receipt of those documents, and the sworn
23 testimony of Officer Reed that Alkawaa is scheduled to depart the United States on October
24 7, 2008. The Supreme Court made clear in *Zadvydas* that "an alien may be held in
25 confinement until it has been determined that there is no significant likelihood of removal
26 in the reasonably foreseeable future." 533 U.S. at 701. The record reflects the opposite:

- 3 -

there is a significant likelihood of Alkawaa's removal on a specified date in the reasonably foreseeable future.

**IT IS THEREFORE RECOMMENDED** that Mohanad Alkawaa's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of August, 2008.

_____
David K. Duncan
United States Magistrate Judge